UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUFUNMIKE ELIZABETH AJALA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No.:  26-cv-366-JO-MMP<br><br>**ORDER GRANTING PETITIONER'S HABEAS PETITION [DKT. 1]** |

Petitioner Olufunmike Elizabeth Ajala filed a petition for writ of habeas corpus [Dkt. 1]. The Court held oral argument on February 2, 2026. The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to her detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026). For additional reasons stated on the record, the Court ORDERS as follows:

(1) **Habeas Petition**: The Court GRANTS Petitioner's habeas petition [Dkt. 1] on all three claims, brought under *Zadvydas*, *Accardi*, and the Fifth Amendment Due Process Clause.

(2) **Release:** Respondents are ORDERED to release Petitioner by 5 p.m. on February 3, 2026 under (1) the same conditions set forth in her most recent order of supervision and (2) the liberty interest she enjoyed prior to her

unlawful detention on December 18, 2025, including the return of all belongings and documents in her possession at the time of arrest. Respondents must file a declaration confirming Petitioner's release by 5 p.m. on February 4, 2026.

(3) **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from redetaining her, except under the following conditions:

   a. Petitioner (1) violates a condition of her release or (2) the government has identified a third country willing to accept Petitioner and has made concrete arrangements for her flight to the identified third country in the reasonably foreseeable future;

   b. The government has provided notice and an informal interview, as required under 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13, allowing Petitioner to contest the grounds stated for revoking her release; **and**

   c. Respondents have filed a written declaration with this Court **at least 48 hours prior to any redetention,** confirming that they have satisfied all requirements listed above.

(4) **Restrictions on Removal to a Third Country**: Respondents are ENJOINED from removing Petitioner to any country not designated on her order of removal (*i.e.*, a "third country") unless they comply with all of the following procedures:

   a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, and affirmatively ask whether she fears removal to the country identified in the notice;

   b. If Petitioner expresses fear of removal to the identified third country, Respondents must provide a reasonable fear interview **at least 10 days after** issuing the notice, to allow her sufficient time to prepare for the interview;

    c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen her removal proceedings to permit her to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

    d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide her a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

    e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country in order to provide her an opportunity to challenge any further unlawful detention.

**IT IS SO ORDERED.**

Date: February 2, 2026

_____
Honorable Jinsook Ohta
United States District Judge